**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Eddie L Raimey,** | ) | CASE NO. 1:07 CV 3554 |
| | ) | |
| **Plaintiff,** | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **Det. Stacy Pentecost, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon Painesville Defendants' Motion to Dismiss (Doc. 18), defendant Michael J. Mohner's Motion for Judgment on the Pleadings (Doc. 20) and defendants Det. Stacy Pentecost and Det. Bryan K. Schwartz's Motion for Judgment on the Pleadings (Doc. 22). This is a § 1983 action arising out of the arrest and detention of plaintiff. For the following reasons, all defendants' motions are GRANTED.

### Facts

Plaintiff, Eddie L. Raimey, filed this Complaint against defendants, Det. Stacy Pentecost, a police officer with the City of Westerville, Ohio; Det. Schwartz, a police officer

with the City of Westerville; Det. T. Livicki (properly spelled, Levicki), a police officer with the City of Painesville, Ohio; Michael J. Mohner, Vice Principal of Harvey High School in Painesville; and Justin (properly named as Julius) Ponder, a security officer with Harvey High School.[1]

The Complaint alleges the following.  Plaintiff is a resident of Painesville, Ohio.  Prior to January 9, 2007, Westerville and Painesville police officers went to Harvey High School and met with Mohner and Ponder who "pinpointed plaintiff by supposedly saying, 'what did he do now?' without knowing that plaintiff had nothing to do with the Westerville crime."  In the early evening of January 9, 2007, two Westerville police officers and one Painesville police officer arrived at plaintiff's home in Painesville and entered his home without a warrant with guns drawn.  Plaintiff was not at home.  When he returned home, plaintiff went to the Painesville police department and was told that there was a warrant for his arrest issuing from Westerville.  Plaintiff met with Det. Levicki, who spoke with plaintiff for about one-half hour.  Plaintiff insisted that he had no involvement in any crime occurring in Westerville.  Plaintiff was kept overnight in the Painesville police department holding cell. On January 10, 2007, plaintiff was then transported to Westerville with another individual who, in fact, committed the Westerville crime.  At Westerville, plaintiff was fingerprinted and given a lie detector test.  Plaintiff was then taken to the Franklin County Jail and incarcerated until January 11, 2007, when a public defender was appointed and plaintiff was brought before a judge for a bond hearing.  Bond in the amount of $250,000.00 was ordered and a

---

[1] The Complaint also names unknown police officers of the Cities of Westerville and Painesville who have not been identified.

hearing set for January 19, 2007. On January 16, 2007, the bond was reduced to a $15,000.00 recognizance bond. On January 17, 2007, the case against plaintiff was dismissed. Plaintiff was released on January 18, 2007.

The Complaint is brought pursuant to § 1983 and state law, and sets forth four claims. Count One alleges that Pentecost and Schwartz arrested and imprisoned plaintiff in violation of the Fourth Amendment. Count Two alleges that when Westerville and Painesville police officers went to Harvey High School, Mohner and Ponder "pinpointed plaintiff by supposedly saying, 'what did he do now?' without knowing that plaintiff had nothing to do with the Westerville crime." Count Three asserts entitlement to attorney's fees under § 1988. Count Four alleges that plaintiff's arrest and imprisonment violate state law and amount to intentional infliction of emotional distress.

This matter is now before the Court upon Painesville Defendants' Motion to Dismiss, defendant Michael J. Mohner's Motion for Judgment on the Pleadings and defendants Det. Stacy Pentecost and Det. Bryan K. Schwartz's Motion for Judgment on the Pleadings.

**Standards of Review**

**(1) Motion to Dismiss**

When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, "the district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Amadasu v. The Christ Hosp.*, --- F.3d ----, 2008 WL 268690 (6th Cir. February 1, 2008) (citing *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) ).

3

**(2) Motion for Judgment on the Pleadings**

This Court reviews a motion for Fed.R.Civ.P. 12(c) motion for judgment on the pleadings using the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 389 (6th Cir.2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577 (6th Cir. 2007) (citations omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999). "To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005).

**Discussion**

**(1) Painesville Defendants' Motion to Dismiss**

Defendants Levicki and Ponder (who is identified by defendants as a Painesville police officer rather than a security officer) argue that the Complaint fails to state an actionable claim against them. For the following reasons, this Court agrees.

Count One alleges that Westerville police officers Pentecost and Schwartz unlawfully arrested and imprisoned plaintiff, but makes no allegation against Painesville police officers Levicki and Ponder.

Count Two fails to identify a specific cause of action. The Court assumes that plaintiff is alleging a violation of 42 U.S.C. § 1983. To state a claim for relief under § 1983,

plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States.  *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005).  While plaintiff alleges elsewhere in the Complaint that he was wrongfully seized in violation of the Fourth Amendment, this count merely alleges that Ponder (along with Vice Principal Mohner) "pinpointed" plaintiff by stating, "What did he do now."

A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory. *Gilmore v. Corrections Corp. of America,* 92 Fed.Appx. 188 (6th Cir.2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir.1988).  The Complaint fails to do so.  Plaintiff's responsive brief merely states that when taken in context with the actions of the Westerville and Painesville police departments, the comment "lends credence to the fact that the plaintiff was somehow criminally involved in whatever was then charged."  (Doc. 25 at 3) However, even when this factual allegation is accepted as true, plaintiff can prove no set of facts entitling him to relief on this claim. Assuming Ponder said, "What did he do now," the Complaint itself acknowledges that there existed an arrest warrant issued by the City of Westerville.  Thus, Ponder's statement could not have been a basis in a decision to arrest plaintiff.

Count Three only requests attorney's fees and does not state any independent claim against these, or any, defendants.

Count Four asserts state law claims of false arrest, false imprisonment and intentional infliction of emotional distress.

Under Ohio law, "[f]alse imprisonment occurs when a person confines another

5

intentionally ' without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " *Logsdon v. Hains*, 492 F.3d 334 (6th Cir. 2007) (citing *Bennett v. Ohio Dep't of Rehab. & Corr.*, 60 Ohio St.3d 107 (1991) ). "[T]he essential elements for a false arrest claim in Ohio are indistinguishable from a claim for false imprisonment in that each claim requires proof that one was intentionally confined without lawful justification." *Id.* (citations omitted).  An arrest based on probable cause is a lawful detention and defeats a false arrest/imprisonment claim. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291 (6th Cir. 2005)

  The sole allegations of the Complaint pertaining to the Painesville defendants are as follows.  Prior to the police arriving at plaintiff's home, they went to Harvey High School where Ponder "pinpointed" plaintiff and said, "What did he do now?"  Additionally, when plaintiff presented himself to the Painesville police department, he was told that the City of Westerville had issued a warrant for his arrest and "[a]t this point, plaintiff met with Det. T. Levicki... and spoke with [him] for about one-half hour.  Plaintiff kept insisting that he had no involvement in any crime that may have occurred in the City of Westerville, Ohio."  Plaintiff was thereafter detained overnight in the Painesville holding cell.  Construing these facts most liberally in plaintiff's favor, there is no conduct alleged constituting an unlawful arrest of plaintiff by the Painesville police officers. Furthermore, as noted above, it cannot be said that this conduct contributed to plaintiff's arrest as there already existed a warrant for his arrest. Finally, these facts do not allege that these defendants participated in plaintiff's arrest.  If the facts did so allege, plaintiff does not contend that the warrant was invalid and, therefore, there could have been no false arrest.

Likewise, the Complaint fails to set forth facts in support of plaintiff's intentional infliction of emotional distress claim. Under Ohio law, plaintiff must satisfy four elements to demonstrate a claim of intentional infliction of emotional distress:

> 1) the defendant intended to cause emotional distress or knew or should have known that the actions taken would result in emotional distress to the plaintiff; 2) the defendant's conduct was 'extreme and outrageous'; 3) the defendant's actions proximately caused the plaintiff's psychic injury; and 4) the plaintiff's mental anguish is serious and 'of a nature that no reasonable man could be expected to endure it.'

*Boyd v. Bressler*, 18 Fed.Appx. 360 (6th Cir. 2001) (citing *Tschantz v. Ferguson*, 97 Ohio App.3d 693 (8th App. Dist.1994). Furthermore, "The alleged conduct is 'outrageous' if it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

Det. Levicki's alleged action in speaking with plaintiff at the police station and Officer Ponder's alleged conduct in "pinpointing" plaintiff by making one comment are both insufficient to amount to extreme and outrageous conduct.

For these reasons, the Painesville Defendants' Motion to Dismiss is granted.

**(2) Defendant Michael J. Mohner's Motion for Judgment on the Pleadings**

Defendant Mohner similarly asserts that the Complaint against him must be dismissed. This Court agrees.

As with Ponder, the only factual allegation against Mohner is that prior to the police arriving at plaintiff's home, they went to Harvey High School where Mohner, along with Ponder, "pinpointed" plaintiff and said, "What did he do now?"

Initially, the Court notes that Mohner is not a state actor subject to liability under §

1983.  The Sixth Circuit has recognized that private citizens acting in concert with state officials may be subject to § 1983 liability.  *Horton v. Martin*, 137 Fed.Appx. 773 (6th Cir. 2005) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ).  Plaintiff, however, does not allege facts upon which a conspiracy could be based and, therefore, any § 1983 allegation against Mohner fails to state a claim.

Any state law claims against Mohner are similarly insufficient to survive.

With regard to the false imprisonment claim, the allegations of the Complaint fail to rise to the level necessary to impose liability on Mohner.  Under Ohio law,

> To impose liability on a private citizen for a wrongful arrest or false imprisonment, the arrest by the officer must be so induced or instigated by the defendant that the arrest is made by the officer, not of his own volition, but to carry out the request of the defendant; no liability is incurred if a person merely gives information to an officer tending to show a crime has been committed.

*Brown v. Helzberg Diamonds*, 168 Ohio App.3d 438 (Ohio App. 6th Dist. 2006).  Here, it is only alleged that Mohner replied, "What did he do now," during the course of a police investigation wherein there already existed a warrant for plaintiff's arrest.  These facts are insufficient to survive dismissal of this claim.

Likewise, the intentional infliction of emotional distress claim fails because there are no facts alleging conduct so extreme and outrageous as to be considered utterly intolerable in a civilized society.

For these reasons, defendant Mohner's motion is granted.

**(3)  Defendants Det. Stacy Pentecost and Det. Bryan K. Schwartz's Motion for Judgment on the Pleadings**

Westerville police officers Pentecost and Schwartz argue that the Complaint must be dismissed against them.  For the following reasons, this Court agrees.

8

Count One alleges that defendants Pentecost and Schwartz unlawfully arrested and imprisoned plaintiff.  As plaintiff acknowledges, however, a warrant had been issued for his arrest.  As plaintiff appears to concede that he was arrested pursuant to a lawfully issued warrant, there cannot have been an unlawful arrest or imprisonment.

Count Two does not allege facts involving these moving defendants.

As stated above, Count Three is a request for attorney's fees and fails to state a claim against these defendants.

Count Four's state law claims fail for the same reasons stated above.  The false arrest claim is obviated by the lawful warrant.  The intentional infliction of emotional distress claim fails to allege facts sufficient to support the claim.

Finally, as to all the motions, plaintiff is requesting discovery in order to obtain facts to support his claims.  This Court, however, has already stayed discovery pending resolution of the pending motions.  Furthermore, plaintiff must plead facts sufficient to support his claims.  His failure to do so does not entitle him to discovery in order to set forth allegations necessary to survive dismissal of the Complaint.

**Conclusion**

For the foregoing reasons,  Painesville Defendants' Motion to Dismiss, defendant Michael J. Mohner's Motion for Judgment on the Pleadings and defendants Det. Stacy Pentecost and Det. Bryan K. Schwartz's Motion for Judgment on the Pleadings are granted.

IT IS SO ORDERED.

    /s/ Patricia A.G. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated:   3/11/08